IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| CODY J. V. FLESCH,<br><br>Plaintiff,<br><br>vs.<br><br>PATRICK MOODY,<br><br>Defendant. | Cause No. CV 25-14-H-DLC<br><br><br>ORDER |

On February 14, 2025, Plaintiff Cody Flesch filed a 42 U.S.C. § 1983 Complaint. (Doc. 1.) The Complaint as drafted fails to state a claim that entitles Flesch to relief, and is not proper for federal intervention. The Complaint is dismissed.

## I. STATEMENT OF THE CASE

### A. Parties

Flesch is an inmate at Montana State Prison. He names Powell County Deputy County Attorney Patrick Moody, as defendant. (Doc. 1 at 2.)

### B. Allegations

On March 4, 2023, Flesch got into an altercation with another inmate, Bates, in the chow hall at Montana State Prison. Staff members used pepper spray and stopped the fight. Both parties were sent to the infirmary, where pictures were

taken of both, and then taken to restricted housing for prehearing confinement. (Doc. 1-1 at 1.) Flesch was searched, and three weapons were supposedly found in special pockets he had made in his shorts. He and Bates were both written up for fighting and refusing a direct order, and Flesch was also written up for possession of a weapon. Several officers wrote reports related to the incident. A nurse wrote a report about Bates, and stated he had no open injuries. *Id.* At his disciplinary hearing on March 7, 2023, Flesch was found not guilty of fighting, because he had been assaulted by Bates. He was, however, found guilty of possession of a weapon and was given 30 days in the hole. (Doc. 1-1 at 2.)

On July 24, 2023, Defendant Moody filed a motion in state district court for leave to file a felony information charging Flesch with one count of assault with a weapon, and one count of possession of a deadly weapon by a prisoner in a facility, including an affidavit in support. (Doc. 1-1 at 2.) In the affidavit, Moody stated, under oath, that he had information from law enforcement that Flesch had stabbed Bates repeatedly. (Doc. 1-1 at 2.) The affidavit also describes a video from the chow hall that shows Flesch sneaking up on Bates and stabbing him. Moody asserts there were photos taken of Bates that reveal slashes on him "consistent with a weapon," which led Moody to conclude there were sufficient facts to support the Information. *Id.*

That same day, leave was granted. Four months later, on November 28,

2023, Moody moved to dismiss the assault with a weapon charge, with prejudice. Flesch went to trial on the possession of a deadly weapon charge and was convicted.

Flesch's Complaint describes the content of the several investigative reports compiled by MSP staff. None of them describes any stabbing. Flesch's claim is that Moody fabricated the claim regarding a stabbing in his affidavit in order to file the Information, in violation of Flesch's Fourteenth Amendment due process rights. (Doc. 1-1 at 5.) Flesch alleges that being subject to the assault charge was a deprivation of his liberty. (Doc. 1-1 at 7.)

## II. SCREENING PURSUANT TO 28 U.S.C. §1915A

Flesch is an inmate suing a governmental defendant, so the Court must review his Complaint under 28 U.S.C. §1915A. Section 1915A(b) requires the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his

"entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See Twombly*, 550 U.S. at 556; *Iqbal*, 556 U.S. 662. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679, 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with liability," or "amount to nothing more than a 'formulaic recitation of the elements' of a constitutional" claim. *Id.* at 679, 681. A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Iqbal*, 556 U.S. at 679. A claim is "plausible" if the factual

4

allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (*citing* Fed. R. Civ. P. 8(a)(2)).

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

 1. Immunity

Prosecuting attorneys who act within the scope of their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986). This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th

Cir. 2003); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). Prosecutors are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430–31. "Prosecutors are absolutely immune from liability for the consequences of their advocacy, however inept or malicious, because it is filtered through a neutral and detached judicial body[.]" *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 913 (9th Cir. 2012).

Flesch asserts that Moody does not enjoy this immunity for the statements made in his sworn affidavit in support of his motion for leave to file an information, because those were testimonial. (Doc. 1-1 at 7 – 8.) Flesch's assertion is incorrect. There is no doubt that the act of submitting the motion itself is a prosecutorial act, an attempt to initiate a prosecution, and thus, Moody is entitled to immunity for that. *Briscoe v. LaHue*, 460 U.S. 325, 334 (1983). It would pose a peculiar conundrum to grant a prosecutor immunity for filing a motion, but not for the contents of a document appended to it. But that issue need not be reached. The initiation of a prosecution is a prosecutorial act for which Moody has immunity.

Even if the affidavit itself were considered a testimonial rather than prosecutorial act, § 1983 does not provide a cause of action for false testimonial statements. Witnesses in judicial proceedings enjoy common law immunities that were not abrogated by § 1983. Even a state actor's testimony is covered. "Subjecting government officials, such as police officers, to damages liability

under § 1983 for their testimony might undermine not only their contribution to the judicial process but also the effective performance of their other public duties." *Briscoe*, at 343. "Nothing in the language of [§ 1983] suggests that such a [governmental] witness belongs in a narrow, special category lacking protection against damages suits." *Id.*, at 335–36.

Moody is absolutely immune from Flesch's claims regarding his prosecution, and thus, Flesch's Complaint fails to state a claim that entitles him to relief. The Complaint must be dismissed.

2.  Malicious Prosecution

In addition, Flesch's Complaint claim of malicious prosecution must be left for the state courts. "In general, a claim of malicious prosecution is not cognizable under § 1983 if process is available within the state judicial systems to provide a remedy, although we have also held that an exception exists ... when a malicious prosecution is conducted with the intent to ... subject a person to a denial of constitutional rights." *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 919 (9th Cir. 2012) (internal citations and quotations omitted).

Montana law recognizes the common law tort of malicious prosecution. *Reece v. Pierce Flooring*, 194 Mont. 91, 100, 634 P.2d 640, 645-46 (1981). Flesch could file a state court action. Flesch is also pursuing a direct appeal of his state convictions in the Montana Supreme Court. *State v. Flesch*, DA 24-0608 (filed

Nov. 26, 2024.) He has not yet filed his opening brief in that appeal. Because Flesch has available state remedies, his federal prosecutorial misconduct claim necessarily fails. Because Flesch has not stated a claim against a viable defendant and does not otherwise state a federal claim, the Court declines to exercise its supplemental jurisdiction and leaves Flesch's malicious prosecution claim to the Montana courts.

### III.  CONCLUSION

The Court has screened Flesch's Complaint and determined that it fails to state a claim. 28 U.S.C. § 1915A requires a court to dismiss a complaint that fails to state a claim upon which relief may be granted, but does not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez*, 203 F.3d. at 1127 (*quoting Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Here, amendment is not feasible.

Accordingly, it is HEREBY ORDERED:

1. This matter is DISMISSED. The Clerk of Court is directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2. The Clerk of Court is directed to have the docket reflect, pursuant to Rule

24(a)(3)(A) of the Federal Rules of Appellate Procedure, the Court certifies that any appeal of this decision would not be taken in good faith.

3. The Clerk of Court is directed to have the docket reflect that, pursuant to 28 U.S.C. § 1915(g), this dismissal counts as a strike because the Complaint fails to state a federal claim upon which relief may be granted.

DATED this 10th day of March, 2025.

_____
Dana L. Christensen, District Judge
United States District Court